No. 242.—ELIZA W. 'WOOLEY *v.* E. K. RUSS, Sheriff, et al.

A parish judge who grants an order of injunction from the district court, in the absence from the parish of the district judge, has no power or authority afterward to set aside such order on bond.

APPEAL from the Tenth Judicial District Court, parish of Bossier. *Levisee,* J. *Griffin & Snider,* for appellees. *J. D. Watkins,* for third opponents, appellants.

WYLY, J. On the twentieth day of August, 1870, the plaintiff filed a third opposition, and enjoined E. K. Russ, sheriff, from selling the land described in the petition to satisfy the writ of seizure of Carroll, Hoy & Co. *v.* the Succession of Samuel Harrison, deceased, on the ground that she acquired the property at the succession sale of said Samuel Harrison, her deceased husband, being a partner in community of the deceased and administratrix of his succession; that said sale was regular and legal; that by it the mortgage given to said Carroll, Hoy & Co. by the deceased became extinguished. She further avers that all the property of said succession has been sold, and the pro-ceeds thereof applied to the payment of the debts set out on the tableau; that her final account was duly homologated and the admin-istration discharged without opposition.

The suit was filed in the district court, and the injunction was granted by the parish judge, the district judge being absent. Citation was served upon the sheriff, but not on the other defendants, Carroll, Hoy & Co. On the third of September, 1870, the injunction was ordered to be set aside by the parish judge on the bond of Carroll, Hoy & Co., and on the same day the sheriff sold and adjudicated to them the property in dispute in part satisfaction of their writ of seiz-ure. On the sixth of September, 1870, the suit of third opposition was called in the district court and default entered, and on the twelfth judgment was rendered in favor of the plaintiff, perpetuating the injunction sued out by her, and quieting her title and possession of the land in dispute, and decreeing the nullity of the order of the par-ish judge setting aside on bond the injunction pending in said district court, as though the same had never been granted.

From this judgment Carroll, Hoy & Co. have appealed. They assign, for error, apparent on the face of the record, that said judgment is null and void, both as to perpetuating the injunction and annulling the sheriff's sale at which they bought the land, because they were never cited or appeared, and were condemned without a hearing; that the sheriff, Russ, is now out of office, and had no interest; that the judgment was without parties and null.

We entirely concur with the district judge that the parish judge was without jurisdiction to set aside the writ of injunction pending in the district court, and his order to that effect was an absolute nullity, and the injunction remained as though the same had not been granted.

We think the defendants, Carroll, Hoy & Co., should have been cited, and the court erred in rendering judgment without making them parties; the sheriff who was cited, having no personal interest, was rather a nominal party.

Justice requires this cause to be remanded in order to make proper parties, and to try the third opposition and injunction sued out by the plaintiff.

It is therefore ordered that the judgment herein be annulled, and that this cause be remanded for new trial; that the order of the parish judge setting aside the injunction and all the proceedings thereunder, be annulled and avoided, and that the injunction be restored. It is further ordered appellee pay costs of appeal.